## Baumgartner et ux. v. Philadelphia Zoning Board of Adjustment

*Fred C. Gartner*, for appellants.

*Samuel J. Taylor* and *G. C. Farrier*, contra.

DAVIS, P. J., March 5, 1937.—This is an appeal from the decision of the Philadelphia Zoning Board of Adjustment granting a certificate of variance for the use of the rear of premises 4063 North Sixth Street.

The Act of May 6, 1929, P. L. 1551, sec. 8, provides inter alia:

"The Board of Adjustment shall have the following powers:

"1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act, or of any ordinance adopted pursuant thereto.

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"3. To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The aforesaid act of assembly also provides as follows:

"Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any taxpayer or any officer, department, board or bureau of the city, may present to a court of record a petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty (30) days after the filing of the decision in the office of the board."

The above provisions of the act of assembly indicate that the legislature vested certain discretionary power in the board of adjustment. It recognized the fact that in many instances the public interest and welfare would be prejudiced if such an ordinance were enforced without power to permit a variance from the terms of the zoning ordinance when the board believed that a literal enforcement of the provisions of the ordinance would result in unnecessary hardship.

Such discretion having been vested in the board of adjustment, it follows that the court will not, in the absence of clear proof of an abuse of such discretion, interfere with the action of the board. For the court to do so would

be to render ineffective the act of assembly which vested such discretion in the board. An appellate court will not interfere with the lower court in the exercise of a discretion which is vested in it, in the absence of clear proof of abuse.

In the present case there is no allegation of abuse but the appeal merely sets forth: (1) That the granting of the permit is contrary to the specific terms of the zoning ordinance; (2) that appellants, as individuals, have been adversely affected by the action of the board.

With regard to the first reason, it may be said that in all certificates of variance the same objection would apply. The name of the instrument, i. e., "certificate of variance", implies that it is a variation from the literal provisions of the zoning ordinance. The certificate authorizes a variation from the provision of the ordinance. If the court could set aside the action of the board simply because the certificate of variance authorizes a variation from the terms of the ordinance, it would nullify the act of assembly which authorizes the issuance of such a certificate.

The second reason assigned by appellants is untenable. The legislature intended clearly to vest the board with power to vary the strict terms of the ordinance when they deemed that a strict enforcement would result in unnecessary hardship. The board is made sole judge of the existence or nonexistence of this fact. The act of assembly is in the interest of public welfare.

In the return to appellants' appeal, the Philadelphia Zoning Board of Adjustment avers that the said decision was not arbitrary nor unreasonable, and was made in pursuance of the authority vested in the zoning board of adjustment in proper cases to grant certificates of variance from the strict letter of the ordinance, and that the said decision was made pursuant to the power to grant certificates of variance in proper cases.

It is clear that the court on appeal has jurisdiction to reverse only upon a finding that the board erred as a mat-

ter of law, and that such error was an abuse of the discretion vested in the board by the act of assembly. There is no testimony before the court justifying a finding that the certificate of variance was illegally granted or an abuse of the discretion so vested in the board. It appears from the record that the applicant proposed to demolish an existing frame garage on the lot and erect in its place an addition to be used in conjunction with a store on the premises, and that the improvement would benefit the neighborhood, as there was an undesirable alley condition which would be done away with. After reinspection of the premises, the board was of opinion that a variance as to an open area and rear yard should be granted, so that a wooden garage on the premises would be replaced by a brick, semi-fireproof structure.

The judgment of the zoning board of adjustment is affirmed and the appeal is dismissed.